768 P.2d 1192

In the Matter of the APPEAL IN PIMA COUNTY MENTAL HEALTH SERVICE ACTION NO. MH–674–5–88.

No. 2 CA–MH 88–0006.

Court of Appeals of Arizona, Division 2, Department A.

Nov. 25, 1988.

Review Denied March 21, 1989.*

---

* Moeller, J., of the Supreme Court, was not present and did not participate in the determination of this matter.

Manuel H. Garcia, Tucson, for appellant.

Stephen D. Neely, Pima Co. Atty. by Suzanne Hodges, Tucson, for appellee.

## OPINION

LIVERMORE, Presiding Judge.

On evidence establishing that the appellant suffered from a psychotic disorder with frequent decompensation resulting in so much overdrinking of water that it became life-threatening, the trial court found her gravely disabled and ordered her committed to the Arizona State Hospital. This appeal questions that finding. We affirm.

A.R.S. § 36–501(14) reads: " 'Gravely disabled' means a condition evidenced by behavior in which a person, as a result of a mental disorder, is likely to come to serious physical harm or serious illness because he is unable to provide for his basic needs such as food, clothing or shelter." Appellant's argument is that because her husband furnishes her food, clothing, and shelter, she does not fit within the statutory definition. Our reading of the statute is not so constricted. We believe that the definition encompasses all inabilities to provide for basic needs. We believe, as well, that it applies to situations where serious harm or illness is threatened by over-indulgence. Physical needs are quantifiable; they may be unmet both by too little or too much. There would be no question of the application of the statute where an individual failed to eat or drink; eating or drinking to the point of a threat to life, as the result of mental disorder, equally demonstrates an inability to provide for basic needs.

Appellant further argues that her overdrinking should be treated under the definition of danger to self as "[b]ehavior which, as a result of a mental disorder, will, without hospitalization, result in serious physical harm or serious illness to the person, except that this definition shall not include behavior which establishes only the condition of gravely disabled." A.R.S. § 36–501(6)(b). Our definition of gravely disabled, of course, excludes appellant's condition from this definition. In our view grave disability relates to direct failure to meet physical needs, while danger to self is aimed at other irrational, risky behavior such as compulsively wandering into heavy traffic. If the risk to health arises from unmet physical needs, it fits within grave disability; if the risk arises apart from physical needs, it fits within danger to self.

AFFIRMED.

HATHAWAY and HOWARD, JJ., concur.